Darryl Parker, WSBA #30770
CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N. 107th Street, Suite 520
Seattle, WA 98133
Tel. (206) 557-7719
Fax. (206) 659-0183
dparker@civilrightsjusticecenter.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| ANNA LASKO, | ) |
| | ) Case No. 2:19-cv-00313 |
| Plaintiff, | ) |
| | ) COMPLAINT FOR |
| vs. | ) DAMAGES |
| | ) |
| KRYSTAL BITZER, ROMAN MAIER, | ) (JURY TRIAL DEMANDED) |
| SPOKANE COUNTY, DOES I-X, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages sustained by a resident of Pittsburgh, Pennsylvania against Spokane County and two of its agents, Krystal Bitzer and Roman Maier who, through their intentional conduct and reckless and conscious

COMPLAINT FOR DAMAGES- 1
CASE NO. 2:19-cv-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

disregard for the Fourth and Fourteenth Amendments, have caused plaintiff to suffer deprivation of her liberty, her right to privacy and other civil and constitutional rights, and to suffer physical pain and mental and emotional distress.

## II. JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(a)(1), (2), (3), and (4) for plaintiff's federal constitutional claims, which derive from the provisions of 42 U.S.C §§ 1983 and 1988 and the Constitution of the United States, specifically the Fourth and Fourteenth Amendments thereto.

3. This Court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. § 1367 by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## III. VENUE

4. All of the unlawful acts and practices alleged herein occurred in the City of Spokane. Thus, the Eastern District of Washington Spokane Courthouse is the appropriate forum for this matter.

## IV. PARTIES

COMPLAINT FOR DAMAGES- 2
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

5.  Plaintiff Anna Lasko ("Lasko") is an adult female citizen of the United States and a resident of the State of Pennsylvania.

6.  Defendant Krystal Bitzer is now, and at all times relevant to this complaint, was a deputy in the Spokane County Sheriff's Department and in doing the things herein alleged, was acting under color of law and within the course and scope of her employment by Spokane County.

7.  Defendant Roman Maier is now, and at all times relevant to this complaint, was a deputy in the Spokane County Sheriff's Department and in doing the things herein alleged, was acting under color of law and within the course and scope of his employment by Spokane County.

8.  Defendant Spokane County is a political subdivision of the State of Washington, and which runs the Spokane County Sheriff's Office.

9.  Defendants Does I through X, in doing the things complained of herein, were acting under color of law and within the course and scope of their employment by defendant Spokane County, Washington.

10. Each defendant is, and at all times herein was, an agent of the other and acting within the course and scope of that agency in causing the harm alleged.

## V.    ADMINISTRATIVE PROCEEDINGS

11. Within the statutory time period, specifically on November 9, 2018, plaintiff filed a claim, arising out of the events alleged herein, against Spokane

COMPLAINT FOR DAMAGES- 3
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

County. More than 60 days have passed, and the Spokane County Sheriff's Office has not responded. The tort claim was rejected as a matter of law.

## VI. STATEMENT OF FACTS

12. Plaintiff Anna Lasko is from Pittsburg, Pennsylvania and was visiting Spokane, Washington to receive hyperbaric chamber therapy under the care of Dr. Stanek. Lasko has a chronic pain condition called Complex Regional Pain Syndrome. She also suffers from PTSD, anxiety, and depression.

13. On February 26, 2017 around 9:30 p.m., there was an alleged hit and run at 16621 E. Indiana, Spokane Valley, WA 99216.

14. Around 10:45 p.m. on February 27, 2017, defendant Maier was dispatched to the above address. He spoke with Lex Silvrant, who stated that a man left him a note because he witnessed the hit and run. They went outside to inspect the damaged car.

15. About five minutes later, defendant Bitzer was dispatched to the address to speak with the witness, Paul Woods. Woods had witnessed the alleged hit and run from his apartment porch and took down the license plate number.

16. Around 11 p.m., defendant Maier knocked on Lasko's apartment door. She was asleep when she heard the knock. She went to the door and asked who it was before opening it. The officers told Lasko that her car was involved in a hit and run accident. Lasko told the officers that her car was not involved with the

COMPLAINT FOR DAMAGES- 4
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

hit and run and refused to let him come in. The officers demanded she exchange insurance information. She told them no and they forcefully entered the room without a warrant.

17. Lasko called her husband on her cell phone and then handed the phone to defendant Bitzer.

18. Defendant Maier told Lasko she was under arrest and put her in handcuffs. Lasko began to have a panic attack due to her pre-existing condition, triggered by the use of force and restraint incited by the officers. She began having a psychogenic seizure and asked for paramedics and to call 911. She told the officers about her pre-existing condition. Defendants refused to remove the handcuffs.

19. Defendant Maier called the paramedics who arrived around 11:27 p.m. They requested that they removed Lasko's handcuffs, and defendant Maier complied.

20. Defendant Maier wrote Lasko a criminal citation for the unattended hit and run and then left.

21. Paramedics Cassie Bordeux and Melissa Carter transported Lasko to the Valley Hospital. Lasko cited chronic pain to the extent where she could not walk.

## VII. FIRST CLAIM FOR RELIEF

COMPLAINT FOR DAMAGES- 5
CASE NO. 2:19-CV-00313

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

(42 U.S.C. § 1983 – Arrest without Probable Cause)

22. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 21 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

23. The actions of all defendant officers in arresting plaintiff without probable cause deprived her of her Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law.

24. Defendant officers, and each of them, subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of her rights for which an award of punitive damages is warranted against each individual officer.

25. The direct and proximate result of each defendant's acts is that plaintiff was forced to endure mental suffering, emotional distress, and was deprived of her physical liberty.

## VIII.    SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Unlawful Search and Seizure)

26. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 25 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

COMPLAINT FOR DAMAGES- 6
CASE NO. 2:19-CV-00313

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

27. The actions of all defendant officers in entering and searching plaintiff's home deprived her of her Fourth Amendment right to be free from unlawful search and seizure.

28. Defendant unlawfully searched plaintiff and did so in conscious and reckless disregard to the consequences and hardship and in conscious disregard to plaintiff's constitutional and statutory rights. Individual officers subjected plaintiff to such deprivations by malice and/or oppression and/or a reckless and conscious disregard of her rights. An award of punitive damages against each individual defendant is warranted.

29. The direct and proximate result of each defendant's acts is that plaintiff was harmed according to proof at trial.

## IX.   THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Unlawful Warrantless Entry into a Private Residence)

30. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 29 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

31. The actions of all defendant officers in entering and searching plaintiff's home and in seizing her property deprived her of her Fourth Amendment right to be free from a warrantless entry into her home and seizure of property.

COMPLAINT FOR DAMAGES- 7
Case No. 2:19-cv-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

32. Defendants entered plaintiff's home without a warrant or exigent or emergent circumstances in violation of the Fourth Amendment. The officers subjected plaintiff to such deprivations by malice and/or oppression and/or a reckless and conscious disregard of her constitutional and statutory rights. An award of punitive damages against each individual defendant is warranted.

33. The direct and proximate result of each defendant's acts is that plaintiff was harmed according to proof at trial.

## X.   FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 - Monell Claim – Spokane County only)

34. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 33 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for relief.

35. At all times herein mentioned, the Spokane County had a mandatory duty of care to properly and adequately hire, train, retain, supervised, and discipline its officers so as to avoid unreasonable risk of harm to citizens.

36. With deliberate indifference, the Spokane County failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights. The officers whose conduct is described above do not know what constitutes warrantless entry and probable cause to search and arrest a person

COMPLAINT FOR DAMAGES- 8
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

because of inadequate training or tacit approval of said conduct by Spokane County and tolerance by the department of Fourth Amendment violations.

37. The lack of correct discipline and failure to properly train and correct have exposed those who are in compliance with the law to unreasonable searches and arrests.

38. The need to train officers in the constitutional limitations on the search and seizure of citizens and the amount of force to apply when doing so can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights. The result is the continuous unreasonable and unnecessary deprivation of a citizen's rights. Such conduct on the part of defendant Spokane County renders it liable for its deputies' constitutional violations.

39. As a direct and proximate result of the foresaid acts, omissions, policies, customs, and ratification of defendant Spokane county, the individual defendant deputies caused the constitutional violations and damages described above.

## XI.  FIFTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 - Trespass)

COMPLAINT FOR DAMAGES- 9
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

40. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 39 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

41. The actions of defendants and each of them in entering plaintiff's home without permission or consent constitute trespassing and a contributing factor to her emotional distress damages.

42. Defendants were negligent in failing to use a search warrant. As a result, plaintiff suffered from substantial injury.

43. As a direct and proximate result of defendant officers' negligent conduct, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which will be proven at trial.

## XII. SIXTH CLAIM FOR RELIEF

(Negligence)

44. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 43 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for Relief.

45. The individual defendants, in committing all the aforementioned wrongs, breached their duty to plaintiff to exercise reasonable care in the

COMPLAINT FOR DAMAGES- 10
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

performance of their official duties, and thereby proximately and foreseeably caused plaintiff's civil rights violations and special damages.

46. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred the damages alleged herein.

### XIII.  SEVENTH CLAIM FOR RELIEF

(False Arrest and Imprisonment)

47. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 46 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for Relief.

48. The conduct of defendant officers in detaining and arresting plaintiff without determining probable cause constitutes false imprisonment of plaintiff.

49. As a direct and proximate result of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

### XIV.  EIGHTH CLAIM FOR RELIEF

(Battery)

COMPLAINT FOR DAMAGES- 11
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

50.     Plaintiff realleges and incorporated by reference herein paragraphs 1 through 49 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

51.     Defendants Bitzer and Maier acted with the intent to cause, and did in fact, cause offensive contact with plaintiff by grabbing plaintiff and handcuffing her.

52.     All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

53.     At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

54.     As a direct and proximate result of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which will be proven at trial.

### XV.    NINTH CLAIM FOR RELIEF

(Assault)

55.     Plaintiff realleges and incorporated by reference herein paragraphs 1 through 54 with the same force and effect as if such paragraphs were separately realleged in this Ninth Claim for Relief.

COMPLAINT FOR DAMAGES- 12
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

56. Defendant officers acted with the intent to cause an apprehension of harmful or offensive contact with plaintiff as described above.

57. As a direct and proximate cause of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

58. All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

59. At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

## XVI.    TENTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

60. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 59 with the same force and effect as if such paragraphs were separately realleged in this Tenth Claim for Relief.

61. The actions of defendants and each of them were extreme and outrageous and were done with the intention of inflicting severe emotional distress upon plaintiff or were done with reckless disregard as to whether such acts would cause plaintiff severe emotional distress.

COMPLAINT FOR DAMAGES- 13
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

62. As a direct and proximate result of defendants' acts, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, loss of good health and sleep, and physical distress, all to her damage according to proof at trial.

## XVII.  ELEVENTH CLAIM FOR RELIEF

(Respondeat Superior – Spokane County)

63. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 62 with the same force and effect as if such paragraphs were separately realleged in this Eleventh Claim for Relief.

64. In doing the things herein alleged, defendants deputies were acting within the course and scope of their employment with Spokane County. Spokane County is therefore liable for the conduct of the defendant deputies.

## XVIII.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief, jointly and severally, against the defendants:

A. For general and special compensatory damages against all defendants in the amount of $2,000,000;

B. For punitive damages against defendants Krystal Bitzer and Roman Maier in the amount of $150,000 each;

COMPLAINT FOR DAMAGES- 14
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

C.   For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D.   For costs of suit incurred herein; and

E.   For such other and further relief as the Court may deem just.

DATED this 13th day of September 2019.

CIVIL RIGHTS JUSTICE CENTER, PLLC

_____
Darryl Parker, WSBA #30770
Attorney for Plaintiff

COMPLAINT FOR DAMAGES- 15
CASE NO. 2:19-CV-00313

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183